UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARK ANTHONY ARMON,                                              PETITIONER

V.                                    CIVIL ACTION NO. 3:21-CV-586-CWR-RPM

BURL CAIN,                                                       RESPONDENT

### REPORT AND RECOMMENDATION

#### I.    INTRODUCTION

On September 8, 2021, petitioner Mark Anthony Armon ("Armon") filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 ("Section 2254"), seeking for his state court conviction to be set aside and his sentence to be vacated. Doc. [1]. On December 13, 2021, respondent Burl Cain ("respondent") filed the instant motion to dismiss Armon's habeas petition as time-barred. Doc. [7].

#### II.   Procedural History

In 2008, Armon was indicted on one count of deliberate design murder, Miss. Code Ann. § 97–3–19(1), in connection with the shooting death of Christopher Adagbonyn. Doc. [8], Ex. 8, at 25. On July 29, 2010, a jury found Armon guilty and sentenced him to life imprisonment without the possibility of parole. Doc. [7], Ex. 1; [8], Ex. 8, (T. 60). Thereafter, Armon appealed to the Mississippi Court of Appeals. Doc. [7], Ex. 2; [8], Ex. 6, at 2–31; *Armon v. State*, 88 So.3d 761 (Miss. Ct. App. 2011). The Mississippi Court of Appeals denied his appeal initially and, on May 15, 2012, denied his motion for rehearing. Doc. [8], Ex. 7, at 7, 12, 27–37.[1] Armon did not appeal

---

[1] In passing, the Court notes that, on May 15, 2015, Armon, proceeding *pro se*, filed a motion for an extension of time to file a motion for rehearing with the Mississippi Court of Appeals. Doc. [8], Ex. 7, at 9–11. On May 25, 2015, noting

to the Mississippi Supreme Court. Doc. [8], Ex. 7. Thereafter, on May 11, 2015, Armon applied for leave to file a motion for postconviction review in state trial court ("PCR application"). Doc. [8], Ex. 8, at 29, 36, 40; Miss. Code Ann. § 99–39–27. On July 29, 2015, the Mississippi Supreme Court denied his PCR application. Doc. [7], Ex. 3. Then, on May 30, 2018, Armon filed a second PCR application, Doc. [8], Ex. 8, at 6–23, which was also denied by the Mississippi Supreme Court, Doc. [7], Ex. 4. On September 8, 2021, Armon filed the instant habeas petition. Doc. [1]. He asserts several claims including as follows: (i) lack of subject-matter jurisdiction; (ii) improper opening and closing arguments by the prosecution; (iii) improper jury instructions; and (iv) failure to suppress a confession. Doc. [1].

### III.     ANALYSIS

#### A. Statute of Limitations

Since the present motion addresses the timeliness of Armon's federal habeas petition, 28 U.S.C. § 2244(d) ("Section 2244(d)") is applicable. 28 U.S.C. § 2244(d). In full, Section 2244(d) states:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

his three-year delay, a panel denied Armon's *pro se* motion as procedurally barred. *Id.*, Ex. 7, at 7. By denying Armon's motion, the panel plainly did not reopen Armon's direct appeal. *Jimenez v. Quarterman*, 555 U.S. 113, 121, 129 S.Ct. 681, 172 L.Ed.2d 475 (2009). If the Court concluded differently, it would turn a "narrow" exception into a sweeping loophole. *Ibid.*

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[28 U.S.C. § 2244(d).]

Under the statute, the one-year limitations period for filing a federal habeas petition *begins* to run "from the latest of several start dates." *Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003). These start dates are found in Section 2244(d)(1)(A)–(D). *Ibid.* Section 2244(d)(1)(A) contains the "earliest" date that a petitioner's one-year limitations period may begin to run, *Beck v. Thaler*, 398 F. App'x 65, 66 (5th Cir. 2010) (per curiam), and applies by default *unless* Section 2244(d)(1)(B), (C), or (D) applies, *Green v. Banks*, No. 1:18–CV–180–HSO–LRA, 2019 WL 1167809, at *3 (S.D. Miss. Mar. 13, 2019). The Court begins by turning to Section 2244(d)(1)(B)–(D).

Here, Armon has not identified an impediment created by the state government that violated the Constitution or federal law which prevented him from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). Furthermore, Armon has not shown a newly recognized constitutional right upon which his petition is based. 28 U.S.C. § 2244(d)(1)(C). Finally, there is no indication that his claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D). Therefore, the Court applies Section 2244(d)(1)(A). *Green*, 2019 WL 1167809, at *3.

Under Section 2244(d)(1)(A), a prisoner has "one year to file a federal petition for habeas corpus relief" that starts from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "[T]he expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A), is measured

from the date "when the time for seeking further *direct* review in the state court expires[,]" *Erickson v. Davis*, 895 F.3d 372, 374 (5th Cir. 2018) (emphasis added) (quoting *Roberts*, 319 F.3d at 394). Thus, if a petitioner fails to directly appeal to the state's highest court from the intermediate appellate court, "his direct appeal expires when the time to appeal, or file a petition for a writ of *certiorari*, to that court expires." *Williams v. Cain*, No. 1:20–CV–286–LG–RPM, 2021 WL 3672228, at *4 (S.D. Miss. July 23, 2021) (citing *Gonzalez v. Thaler*, 565 U.S. 134, 150, 132 S.Ct. 641, 181 L.Ed.2d 619 (2012)), *adopted*, No. 1:20–CV–286–LG–RPM, 2021 WL 3673107 (S.D. Miss. Aug. 18, 2021).

Here, the Mississippi Court of Appeals denied Armon's motion for rehearing on May 15, 2012. Doc. [8], Ex. 7, at 7, 12. Armon had fourteen days from that date to directly appeal to the Mississippi Supreme Court via a petition for a writ of *certiorari*. M.R.A.P. 17(b). Since Armon did not file such a petition, his one-year limitations period began fourteen days after the Mississippi Court of Appeals denied his motion for rehearing, i.e. on May 29, 2012. *Ibid.* The Court turns to whether Armon is entitled to tolling of his one-year limitation period.[2]

### B. Statutory Tolling

Under Section 2244(d)(2), a petitioner is entitled to statutory tolling for the period that his "properly filed" PCR motion is "pending." 28 U.S.C. § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Leonard v. Deville*, 960 F.3d 164, 168 (5th Cir. 2020) (quoting *Larry v. Dretke*, 361 F.3d 890, 893 (5th Cir.

---

[2] In opposition, Armon argues that he did not file his petition in an untimely manner because "the statutes stipulate that 'any' claims arising from a constitutional violation is exempt [sic] from any time bar." Doc. [1], at 15. However, Armon's *pro se* form petition specifically identifies the applicable statutory provision, Section 2244(d), and also sets forth Section 2244(d)'s text. *Id.*, at 15–16. Armon's characterization of Section 2244(d) has no legally cognizable relationship to the statutory text or caselaw interpreting it. 28 U.S.C. § 2244(d); *Roberts*, 319 F.3d at 692. His argument fails without further discussion.

2004)). Furthermore, an application remains "pending" as long as the ordinary state collateral review process is "in continuance." *Carey v. Saffold*, 536 U.S. 214, 219–20, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002). That is, "until the completion of" the PCR process. *Ibid.* However, if a petitioner files an otherwise qualifying PCR application *after* the one-year limitations period expires, he is not entitled to any statutory tolling. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). *See also Anderson v. Middlebrooks*, No. 3:20–CV–00680–TSL–RPM, 2021 WL 3044440, at *4 (S.D. Miss. June 24, 2021), *adopted*, No. 3:20–CV–680–TSL–RPM, 2021 WL 3044151 (S.D. Miss. July 19, 2021).

Here, absent tolling, Armon's one-year limitations period concluded on May 29, 2013. *Roberts*, 319 F.3d at 692. Armon did not file his first PCR application until May 11, 2015. Doc. [8], Ex. 8, at 29, 40. Since Armon's one-year limitations period concluded before he filed any PCR application, he is not entitled to any statutory tolling. 28 U.S.C. § 2244(d)(2); *Scott*, 227 F.3d at 263; *Anderson*, 2021 WL 3044440, at *4.

### C. Equitable Tolling

In addition to statutory tolling, a petitioner may be entitled to equitable tolling. To be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing.'" *Holland v. Florida*, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010) (quotation omitted). "Equitable tolling is 'a discretionary doctrine that turns on the facts and circumstances of a particular case.'" *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The burden of proof rests with the petitioner, *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013), who must meet both prongs, *Manning v. Epps*, 688 F.3d 177, 185 n.2 (5th Cir. 2012).

The Court begins with the "extraordinary circumstances" prong. As the term "extraordinary" suggests, this prong will only "rarely" be met. *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam). By extent, "'garden variety claim[s] of excusable neglect, such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling[.]'" *Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013) (quoting *Holland*, 560 U.S. at 649, 130 S.Ct. 2549). Furthermore, filing delays must flow from external factors beyond the petitioner's control, *Jackson v. Davis*, 933 F.3d 408, 410 (5th Cir. 2019), and, even then, the measure is "*how severely* those [external] impediments limited the petitioner's ability to timely file[,]" *Jimenez v. Hunter*, 741 F. App'x 189, 193 (5th Cir. 2018) (emphasis added) (citations omitted). Finally, "ignorance of the law is [not] sufficient to justify equitable tolling." *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007) (quotation omitted). Turning to the diligence prong, the petitioner must demonstrate "reasonable diligence, not maximum feasible diligence." *Jackson*, 933 F.3d at 411 (quotation omitted). While there is no temporal cut-off for diligence, *id.* at 413, "'delays of the petitioner's own making do not qualify' for equitable tolling[,]" *Clarke*, 721 F.3d at 344 (quotation omitted).

Here, Armon does not specifically allege that extraordinary circumstances warrant tolling the one-year limitations period. Doc. [1]. Nevertheless, liberally construing his habeas petition, *Erickson v. Pardus*, 551 U.S. 89, 93–94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam), the Court understands Armon to argue that "extraordinary circumstances" exist because he believes that his constitutional rights were violated. Doc. [1], at 15. However, it is well-established that summarily claiming that one was given an "illegal" sentence does not constitute an "extraordinary circumstance." *Anderson*, 2021 WL 3044440, at *5. *See also Williams v. Mississippi*, No. 3:17–CV–118–NBB–DAS, 2018 WL 312870, at *3 (N.D. Miss. Jan. 5, 2018)

6

(collecting cases). Furthermore, assuming *arguendo* that Armon, who is proceeding *pro se*, relies on ignorance for his erroneous understanding of Section 2244(d), Doc. [1], at 15, ignorance of the law, proceeding *pro se*, unfamiliarity with the law, and lack of habeas counsel do not, without more, constitute "extraordinary circumstances[,]" *Felder v. Johnson*, 204 F.3d 168, 172–73 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). Finally, Armon's substantive habeas claims do not constitute "extraordinary circumstances." Doc. [1]. In light of the above, Armon has failed to demonstrate "extraordinary circumstances." *Manning*, 688 F.3d at 185 n.2.

In the alternative, Armon did not diligently pursue his rights. *Jackson*, 933 F.3d at 411. Roughly eight years elapsed between the end of his limitations period, May 29, 2013, and the date that he filed the instant petition, September 8, 2021. 28 U.S.C. § 2244(d). Armon has not identified any reasons why he needed eight years to diligently pursue the instant petition. Doc. [1]. Finally, even liberally construed, Armon's substantive habeas claims all arise from public events that occurred during the life of his state court criminal proceedings, such as improper opening and closing arguments by the prosecution, not details that only surfaced long after his conviction. Doc. [1]. In light of the above, Armon has also failed to demonstrate diligence. *Manning*, 688 F.3d at 185 n.2.

For these reasons, Armon is not entitled to equitable tolling.

### D. Fundamental Miscarriage of Justice Exception

Finally, the Court turns to the "fundamental miscarriage of justice" or, actual innocence, exception—though it is not specifically raised by Armon. *See McQuiggin v. Perkins*, 569 U.S. 383, 391–92, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013). An actual innocence claim is only established when the petitioner shows that, in light of newly-discovered evidence, "it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable

7

doubt." *Schlup v. Delo*, 513 U.S. 298, 316, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Newly-discovered evidence must be reliable—"whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324, 115 S.Ct. 851. This newly-discovered evidence need not, however, necessarily be admissible at a trial. *House v. Bell*, 547 U.S. 518, 538, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006). Ultimately, the category of cases reached by the actual innocence exception is "severely confined," *McQuiggin*, 569 U.S. at 394–95, 133 S.Ct. 1924, but a finding does not require "absolute certainty[,]" *House*, 547 U.S. at 538, 126 S.Ct. 2064.

Here, Armon has not presented any new evidence. He only attaches his 2008 indictment to his habeas petition, Doc. [1], Ex. 1, which is plainly not *newly discovered* evidence, *Floyd*, 894 F.3d at 154–55. Since Armon failed to meet his threshold burden, the actual innocence exception is not applicable.

### IV. Conclusion

Since neither tolling nor the actual innocence exception applies, the last date that Armon could file a federal habeas petition was May 29, 2013. 28 U.S.C. § 2244(d)(1)(A). Since he filed the instant habeas petition on September 8, 2021, his petition is untimely and, therefore, should be dismissed as time-barred. 28 U.S.C. § 2244(d).

### RECOMMENDATION

Based on the foregoing, the undersigned recommends that respondent Burl Cain's motion to dismiss should be granted.

### NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time

period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

    **SO ORDERED AND ADJUDGED**, this the 25th day of February 2022.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE